IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRIENDS OF CONCORD CREEK, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 02-2742 |
| : | |
| SPRINGHILL FARM WASTEWATER : | |
| TREATMENT FACILITY ASSOCIATION : | |
| : | |
| Defendant. : | |

---

DEFENDANT SPRINGHILL FARM WASTEWATER
TREATMENT FACILITY ASSOCIATION'S MOTION FOR
DISMISSAL OF THE COMPLAINT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)

---

Defendant Springhill Farm Wastewater Treatment Facility Association ("Springhill") hereby moves for dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b) for the reasons more fully set forth in the accompanying memorandum of law.

Respectfully submitted,

_____
Robert L. Collings (No. 26672)
J. Robert Stoltzfus (No. 44876)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA  19103
(215) 751-2074

Dated: July 23, 2002

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRIENDS OF CONCORD CREEK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 02-2742 |
| | : | |
| SPRINGHILL FARM WASTEWATER | : | |
| TREATMENT FACILITY ASSOCIATION | : | |
| | : | |
| Defendant. | : | |

―――――

ORDER

―――――

AND NOW, this _____ day of _____, 2002, upon consideration of the Motion of Defendant Springhill Farm Wastewater Treatment Facility Association for Dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b), and the response of Plaintiff thereto, it is hereby ORDERED that the Motion is GRANTED on behalf of Defendant Springhill Farm Wastewater Treatment Facility Association and against Plaintiff Friends of Concord Creek.

BY THE COURT:

_____
McLaughlin, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRIENDS OF CONCORD CREEK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 02-2742 |
| | : | |
| SPRINGHILL FARM WASTEWATER | : | |
| TREATMENT FACILITY ASSOCIATION | : | |
| | : | |
| Defendant. | : | |

---

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT SPRINGHILL FARM WASTEWATER
TREATMENT FACILITY ASSOCIATION'S MOTION FOR
DISMISSAL OF THE COMPLAINT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)

---

I. INTRODUCTION

Plaintiff, Friends of Concord Creek ("FOCC"), an organization allegedly seeking to protect the water quality of the Concord Creek has filed the subject citizen's suit under the Federal Water Pollution Control Act ("Clean Water Act"), 35 U.S.C. § 1251 *et seq*. and the Pennsylvania Clean Streams Law, 35 P.S. § 691.601 *et seq*. against Springhill Farm Wastewater Treatment Facility Association ("Springhill"). The Complaint alleges that Springhill's wastewater treatment plant (the "Facility") has violated conditions contained in its National Pollutant Discharge Elimination System ("NPDES") permit. The Complaint seeks, among other things, an order requiring Springhill to convey its sewage to either the Concord Township Sewer

Authority or the Chadds Ford Township Sewer Authority and then terminate the discharge authorized by its permit.

If ordered to convey its sewage to another facility, Springhill could not do so without the involvement of other parties, particularly the Pennsylvania Department of Environmental Protection ("DEP").[1] Planning for the treatment of sewage in Pennsylvania is controlled by the Pennsylvania Sewage Facilities Act ("SFA"), Act of January 24, 1966, P.L. (1965) 1535, as amended, 35 P.S. § 750.1 *et seq*. Under the SFA, the local municipality develops plans that identify the current and future sewage needs of areas within its jurisdiction and plan for sewage facilities to meet those needs. The municipality's adopted official plan must be submitted for approval by the DEP and must be revised as needed. The SFA also authorizes the DEP to require a municipality to address specific problems in its official plan or to revise it in response to a private request. Any plan revision requires a detailed technical review of alternatives and also must be approved by the DEP. Therefore, this Court, on its own, could not provide the FOCC with its requested relief because Springhill could not convey its sewage to another treatment facility without the required revisions to official sewage facilities plans, which are outside of Springhill's control. Accordingly, Springhill seeks dismissal of the Complaint because not all necessary parties are joined that are necessary for the Court to provide the requested relief.

---

[1] The DEP is a necessary party to this lawsuit because the agency must approve any action requiring either township to accept wastewater from the Facility. If so required, either township and its respective sewer authority would also become additional necessary parties because Springhill could not convey its sewage to such an authority without detailed negotiations and an agreement on a wide variety of technical and financial issues such as conveyance lines, pumping requirements, pretreatment requirements, and sewage charges.

## II. STATEMENT OF RELEVANT FACTS

The FOCC alleges that the Commonwealth of Pennsylvania issued NPDES Permit No. PA0052230 ("Permit") to Springhill on May 22, 2000, and that the Permit places limits on the discharges from Springhill's Facility. Complaint ¶¶ 22-23.  The FOCC also alleges that such discharges are into an unnamed tributary to the West Branch of Chester Creek, which is locally known as Concord Creek.  Complaint ¶ 24.  Further, the FOCC alleges that the Permit requires Springhill:

> . . . to convey its sewage to a more suitable treatment facility when one becomes available. Part C of the permit states, "[T]his permit authorizes the discharge of treated sewage until such time as facilities for the conveyance and treatment at a more suitable location are installed and are capable of receiving and treating the permittee's sewage. . .When such municipal sewage facilities become available, the permittee shall provide for the conveyance of the sewage to these sewerage facilities, abandon the use of the sewage treatment plant thereby terminating the discharge authorized by this permit, and notify the Department accordingly.  This permit shall then, upon notice from the Department, terminate and become null and void, and shall be relinquished to the Department."

Complaint ¶ 31.

The FOCC also alleges that, on information and belief, both the Concord Township Sewer Authority and the Chadds Ford Township Sewer Authority have suitable sewage treatment facilities, which are installed and capable of receiving and treating Springhill's

sewage.[2]  Complaint ¶ 32.  Finally, the FOCC alleges that Springhill has not conveyed its sewage to either of these facilities and is, therefore, in violation of its Permit.  Complaint ¶¶ 32, 43, and 44.

However, the FOCC never alleges that the official sewage facilities plan for either of these townships provides for the sewage from Springhill to be treated by their respective sewage treatment facilities.  Indeed, it could not make any such allegation because the official plan of its home municipality contains no such provision.  The Facility is located in Chadds Ford Township, and its official sewage facilities plan identifies that all sewage generated by the current and future connections to Springhill's sewage system is to be treated by Springhill's Facility.  *See* Affidavit of Todd Duerr, attached as Exhibit A hereto, ¶ 3.  Therefore, any change as to which facility is to treat Springhill's sewage would require a revision to the official plan(s) of the affected township(s) and the approval of the DEP.  *Id*. at ¶ 4.

---

[2] Springhill denies that the sewage facilities of either township are suitable and capable of treating its discharge or that facilities for the conveyance of its sewage to such facilities are installed and capable of receiving such discharges.  However, this factual dispute does not need to be resolved in order to rule on the subject motion.  Assuming for the limited purpose of this motion that the FOCC's allegations are true, the FOCC still has not alleged that such a conveyance is authorized by any township's official plan and has not joined the necessary parties to enable the Court to grant the relief it seeks.

III. <u>ARGUMENT</u>

    A.    <u>Standard for Dismissal Pursuant to Rule 12(b)</u>

Rule 12(b)(7) of the Federal Rules of Civil Procedure provides that a defendant may seek dismissal of an action based on the plaintiff's "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Federal Rule of Civil Procedure 19 provides as follows:

> (a) **Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those parties. . . .

Fed. R. Civ. P. 19(a). In determining whether a party should be joined under Rule 19(a), the court must first examine "whether complete relief can be accorded to the parties to the action in the absence of the unjoined party." *National Organization on Disability v. Tartaglione*, 2001 U.S. Dist. LEXIS 16731, Civ. A. 01-1923, at *25 (E.D. Pa. October 11, 2001) (quoting *Drysdale v. Woerth*, 1998 U.S. Dist LEXIS 18589, Civ. A. No. 98-0390, at *3 (E.D. Pa. 1998)) (dismissing certain claims of disability group because of its failure to join the Secretary of the Commonwealth, who, under the Pennsylvania Election Code, had to pre-approve voting machines in Pennsylvania).

      B.      The Complaint Should Be Dismissed in its Entirety Because the FOCC Has Not Joined All Necessary Parties

Within its prayer for relief, the FOCC requests the Court to order Springhill "to provide for the conveyance of its sewage to a more suitable treatment facility as required by the Defendant's permit." Complaint at p.6. While Springhill does not agree that the Permit requires such action or that it is appropriate under the facts alleged by the FOCC, it would be unable to do so, even if ordered by the Court, because any such conveyance would require a revision to the sewage facilities plan of either township and the approval of the DEP. Under the SFA, this proposed revision could be initiated through the DEP or the local municipality. Therefore, because it could initiate the proposed action and must approve any final plan revision, the DEP is a necessary party to this action as currently framed because the complete relief the plaintiff is seeking is unavailable without the involvement of the DEP.[3]

---

[3] See footnote No. 1. Joinder of the DEP would not create a problem because the agency is subject to service of process in this district and, as this case does not require diversity, its joinder would not deprive the court of jurisdiction of this matter. Fed. R. Civ. P. 19.

-7-

Each municipality in Pennsylvania is required pursuant to the SFA to develop and adopt an official plan for sewage services for the areas within its jurisdiction. 35 P.S. § 750.5; *see also Carroll Township Board of Supervisors v. Department of Environmental Resources*, 646 A.2d 738 ( Pa. Commw. 1994) at 741-742. The official plan must, among other things, define the areas within the municipality where community sewage systems exist, areas where such systems are planned within the next ten years, and areas experiencing problems with sewage disposal. 35 P.S. §750.5(d)(1). The official plan must also include time schedules and proposed financing methods for the construction and operation of any planned community sewage systems. 35 P.S. §750.5(d)(7). The official plan must also be reviewed by appropriate planning agencies within the municipality and by any planning agency with area-wide jurisdiction. 35 P.S. §750.5(d)(8). In preparing the official plan, the municipality must evaluate alternatives which are able to provide for new and improved sewage facilities for each area of need. 25 Pa. Code §§71.21(a)(4) and (5). Included within this alternatives review is an examination of the (1) consistency between the proposed alternative and the objectives and policies of a variety of statutes and plans, (2) cost estimates of construction, financing, ongoing administration, operation and maintenance, and (3) ability to implement. *Id*.

After adoption, the official plan must then be submitted to the DEP for approval. 35 P.S. §§750.5(a) and 750.10. The municipality must also from time to time submit revisions to its official plan as may be required. 35 P.S. § 750.5. The DEP also has the authority to require a municipality to revise its official plan. 35 P.S. §750.10; *see also Carroll Township*, *supra*. (the Court upheld an order from the Department of Environmental Resources ("DER"), a predecessor to the DEP, to the Township to submit sewage facilities plan revisions to the agency prior to approving subdivision plans). Plan revisions may also be initiated by private requests, which must be made initially to the municipality but, if denied, can then be made to the DEP. 35 P.S. §750.5(b); see also 25 Pa. Code § 71.14.

The overriding role of the DEP and municipalities in the planning for and controlling of sewage facilities under the SFA and the limits the SFA imposes on private parties and sewage treatment plant operators is highlighted in *Westtown Sewer Co. v. DER*, 1992 Pa. Envirn. LEXIS 106, EHB Docket No. 91-386-E (July 30, 1992), a copy of which is attached hereto as Exhibit B. In *Westtown*, the DER had determined that the sewage treatment plant operated by Westtown Sewer Company ("WSC") was hydraulically overloaded. *Id.* at *14. In an effort to solve this problem, WSC, Westtown Township, and DER had favorable informal discussions over increasing the capacity of WSC's plant and WSC had eventually submitted a permit application to DER to expand the capacity of its plant. *Id.* at *28-*30. Nevertheless, the Environmental Hearing Board agreed with DER's position that it could not approve WSC's permit application for a plant expansion until a revision to the Township's official plan had been approved. *Id*. at *30.

A party is considered necessary to the action if the court determines that complete relief cannot be granted with the current parties. *Tartaglione*, *supra*. In *Tartaglione*, the National Organization on Disability, challenged, along with other claims, the failure of the Commissioners of the City of Philadelphia to provide talking voting machines for the blind under the American with Disabilities Act and other statutes. *Tartaglione*, at *2-*3. The Court found that the Pennsylvania Election Code required any voting machine in the Commonwealth to be pre-approved by the Secretary of the Commonwealth and that the Secretary had not approved any electronic voting machines with such audio output technology. *Tartaglione*, at *25-*26. Therefore, even if the disability group proved its case in the matter, the Court held it could not order the Commissioners to use the voting machines sought by the plaintiffs and, therefore, dismissed their claim without prejudice and with leave to amend. *Tartaglione*, at *25-*27.

Here, as well, the Commonwealth is a necessary party if the plaintiffs are to obtain the complete relief they seek. Even if ordered to do so, Springhill simply could not convey its sewage to a more suitable treatment facility without a sewage facilities plan revision for that action having the approval of parties who are not joined in the present action.[4] Such a course of action would require the townships to revise their sewage facilities plans either on their own initiative or by order of the DEP and for the DEP to approve any such revisions. In developing such revisions, the municipalities would be required to perform a detailed alternatives evaluation to determine the most appropriate course of action to provide for treatment of Springhill's sewage. This process cannot be ordered, even if warranted after a hearing, by this Court without the involvement of other indispensable parties. Accordingly, the Complaint must be dismissed for failure to join necessary parties.

## IV. CONCLUSION

For the foregoing reasons, defendant Springhill Farms Wastewater Treatment Facility Association respectfully requests that this Court dismiss the FOCC's Complaint for failure to join a necessary party.

Respectfully submitted,

---

[4] An order requiring Springhill to convey its sewage to a more suitable treatment facility would result in the termination of Springhill's current Permit. Springhill questions whether this Court would have the jurisdiction and authority to terminate a lawfully issued and currently effective permit issued by the DEP without the participation of the agency authorized by law to issue and enforce such permit.

-11-

                                                                              _____
Robert L. Collings (No. 26672)
J. Robert Stoltzfus (No. 44876)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA  19103
(215) 751-2292

Dated: July 23, 2002

<u>CERTIFICATE OF SERVICE</u>

I, J. Robert Stoltzfus, hereby certify that I served a copy of the foregoing Motion of Defendant Springhill Farm Wastewater Treatment Facility Association for Dismissal of the Complaint Pursuant to Federal Rule of Civil Procedure 12(b), on this 23rd day of July, 2002, by first class mail, postage prepaid to, plaintiff's counsel as indicated below:

>James R. May, Esquire
>Lyman Welch, Esquire
>James M. Stuhltrager, Esquire
>Mid-Atlantic Environmental Law Center
>c/o Widener University School of Law
>4601 Concord Pike, P.O. Box 7474
>Wilmington, DE 19803-0474

_____
J. Robert Stoltzfus