IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRIENDS OF CONCORD CREEK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 02-2742 |
| | : | |
| SPRINGHILL FARM WASTEWATER | : | |
| TREATMENT FACILITY ASSOCIATION, | : | |
| | : | |
| Defendant. | : | |

DEFENDANT SPRINGHILL FARM WASTEWATER TREATMENT
FACILITY ASSOCIATION'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS

Springhill Farm Wastewater Treatment Facility Association ("Springhill") replies to the arguments presented in the Plaintiff's Opposition to Defendant's Motion to Dismiss. Springhill's motion seeks dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(7) for failure to join a necessary party.

The issue before the Court is much simpler than presented in plaintiff's opposition papers. The plaintiff clearly alleges that Springhill has violated the permit provision which requires the conveyance of its sewage to another treatment plant when a facility at a "more suitable location" elsewhere is "installed," "capable of receiving and treating the permittee's sewage," and "available" ("Conveyance Condition"). *See* Plaintiff's Opposition, pp. 1-2. In Pennsylvania, these sewage facility questions are controlled by the Pennsylvania Sewage Facilities Act ("SFA"), Act of January 24, 1966, P.L. (1965) 1535, as amended, 35 P.S. § 750.1

*et seq.*[1]  Given the requirements of the SFA, no "more suitable location" can be "available" prior to the DEP's determination under the SFA.  Therefore, unless plaintiff abandons this claim as the centerpiece of its litigation, the DEP is a necessary party to this suit.

Further, given the nature of the permit condition and the requirements of the SFA, this Court could not grant the requested injunctive relief without encroaching on DEP's jurisdiction to decide questions of "suitability" and "availability."  In fact, there is no violation of this permit condition until there is a finding of "suitability" and "availability" by the DEP under the SFA.  Were this Court to issue the requested injunction, it would necessarily be assuming the DEP's statutory authority to exercise its discretion under the SFA, an authority not granted by the Clean Water Act.

Such an exercise of equitable relief is unauthorized.  In *NRDC v. Texaco*, the U.S. Court of Appeals for the Third Circuit reversed an injunction framed to require compliance with the permit generally because questions of jurisdiction over certain violations existed.  *Natural Resources Defense Council, Inc. v. Texaco Refining and Marketing, Inc.*, 2 F.3d 493, 507 (3d Cir. 1993).  Overly broad language in an injunction requiring the compliance with law in the future is also impermissible.  *Public Interest Research Group of New Jersey, Inc. v. Powell Duffryen Terminals, Inc.*, 913 F. 2d 64, 83 (3d Cir. 1990).  The issuance of injunctive relief also requires a balancing of many interests, including irreparable injury, competing claims of injury and the public interest.  *Natural Resources Defense Council, Inc. v. Texaco Refining and Marketing, Inc.*, 906 F.2d 934, 941 (3d Cir. 1990).  Therefore, any issuance of a general order requiring compliance with the subject permit condition, which under its own terms and the

---

[1]  *See* Defendant's Memorandum, pp. 6-8, for a detailed review of the SFA and its required planning process.

2

statute controlling its implementation require future actions and approvals by the DEP, would be an abuse of discretion without the joinder of the DEP.

Rather than challenge the application of the SFA to this matter, the plaintiff instead advances two arguments based on case law and one based on the rule related to indispensable parties to urge the Court to deny Springhill's dismissal motion. The first of these arguments relies on *Sierra Club v. Young Life Campaign, Inc.*, 176 F. Supp 2d 1070, 1078 (D. Colo. 2001) and advances the general proposition that a government agency is not a necessary party to a citizen's suit to enforce permit conditions issued by that agency. *See* Plaintiff's Opposition, p.3. However, this reliance is misplaced because the necessary party argument in *Young Life* was not based on Springhill's Rule 19(a)(1) argument that given a party's absence "complete relief cannot be accorded those already parties." Fed. R. Civ. Pro. 19(a)(1). Springhill does not claim that the DEP is a necessary party because of a dispute over the interpretation of a permit condition as in *Young Life*. Rather, it claims that a necessary party has not been joined because the relief sought by plaintiff, an order requiring the conveyance of Springhill's sewage to another treatment plant, is not governed solely by the permit condition. Another statutory scheme, the SFA, controls any such conveyance and, under that statute's provisions, actions and approvals are required by local municipalities and the DEP before any such conveyance is authorized and then implemented.

Additionally, Springhill's argument over the necessity of DEP's joinder is consistent with *CRY, Inc. v. Mill Service, Inc.*, 536 Pa. 462, 640 A.2d 372 (1994). In that case, the Pennsylvania Supreme Court ruled that the Department of Environmental Resources was an indispensable party to a citizen's suit brought under a variety of state environmental statutes.

The Court found that, among other factors, justice could not be afforded in the absence of the DER. *CRY* at 536 Pa. at 470, 640 A.2d at 376.[2]

The plaintiff next contends that the DEP is not a necessary party because the court can grant "meaningful" relief on other claims for which the DEP's involvement is not required. In advancing this argument, it relies on dicta contained in a footnote in *Bank of America Nat. Trust Co. and Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 1054, n. 5 (3d Cir. 1988). *See* Plaintiff's Opposition, p.3. The plaintiff's contention that the Court can grant meaningful relief without the DEP's joinder on the Conveyance Condition is disingenuous, given the significance of relief based on this condition to the plaintiff when compared with the other requested relief. The plaintiff's reliance on *Bank of America* is also misplaced because the "complete relief" discussion was only a hypothetical raised by the Court and is not on point. Ultimately, the Court decided it had jurisdiction over the parties necessary to grant complete relief on the plaintiff's request to enforce an arbitration award, the claim presently before it. Here, the Court does not have all the necessary parties before it to grant the plaintiff the complete relief it seeks on the Conveyance Condition, the most significant relief sought by the plaintiff in its complaint.

Finally, the plaintiff makes an equitable argument under Federal Rule of Civil Procedure Rule 19(b), the section dealing with indispensable parties. If it is not feasible to join the DEP, dismissal is favored by application of the factors set forth in Rule 19(b) to help the

---

[2]    It is recognized that federal district courts have ruled that indispensability determinations are procedural concepts controlled by federal rules in federal court. *Bethlehem Iron Works, Inc. v. Lewis and Johnson Industries, Inc.*, 1994 U.S. Dist. LEXIS 8502, Civ. A. 94-0752, at *2, n.1 (E.D. Pa. June 24, 1994). Nevertheless, the federal courts have recognized that CRY holds that agency joinder may be necessary in certain circumstances. See *Bethlehem Iron* at *2 and *Environmental Compliance Oversight Corp. v. Smithkline Beecham Corp.*, 1994 U.S. Dist. LEXIS 17424, Civ. A. 94-1807, at *8 (E.D. Pa. November 21, 1994).

Court decide in "equity and good conscience" whether to proceed without the party or dismiss the matter.[3]  Springhill would be highly prejudiced if this Court were to order compliance with the Conveyance Condition, a condition as to which the DEP has not made any findings on the existence of "more suitable" or "available" sewage facilities.  Without the participation of DEP to determine if a violation exists, Springhill could be held in violation by a court which did not issue this permit and does not regularly administer the sewage facility program.  Springhill might be obligated to take an action it cannot implement without the agreement and approval of non-parties.  The Court could not shape its relief on this matter to avoid this prejudice, nor could the plaintiff be ensured of its complete relief without the presence of other necessary parties.  Finally, if this matter is dismissed because the DEP, in effect an indispensable party, is not willing to be joined and cannot be joined, the plaintiff is not without an adequate remedy.  It could bring this case in state court under the citizen's suit provision of the Pennsylvania Clean Streams Law, a claim it has already included in its complaint.  See Complaint, ¶¶ 4, 49, and 50.

---

[3]  In Defendant's Memorandum, p. 6, n.3, it identified that joinder of the DEP would not create a problem because the agency would be subject to service and would not destroy diversity.  However, given the Supreme Court's recent trend of decisions on state's rights and the Eleventh Amendment, the DEP may not be able to be involuntarily joined in this matter.  For example, *see FMC v. South Carolina State Ports Authority*, __ U.S. __, 122 S. Ct. 1864, 152 L. Ed. 2d 962 (2002).

For the foregoing reasons, defendant Springhill Farm Wastewater Treatment Facility Association respectfully requests that the Court grant its motion to dismiss the complaint for failure to join a necessary party.

    Respectfully submitted,

_____
Robert L. Collings (No. 26672)
J. Robert Stoltzfus (No. 44876)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA  19103
(215) 751-2074

Dated: August 16, 2002

## **CERTIFICATE OF SERVICE**

I, J. Robert Stoltzfus, hereby certify that I served a copy of the foregoing Defendant Springhill Farm Wastewater Treatment Facility Association's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss on this 16th day of August, 2002, by first class mail, postage prepaid to, plaintiff's counsel as indicated below:

>James R. May, Esquire
>Lyman Welch, Esquire
>James M. Stuhltrager, Esquire
>Mid-Atlantic Environmental Law Center
>c/o Widener University School of Law
>4601 Concord Pike, P.O. Box 7474
>Wilmington, DE 19803-0474

_____
J. Robert Stoltzfus

Case 2:02-cv-02742-MAM     Document 5     Filed 08/16/2002     Page 8 of 8