IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRIENDS OF CONCORD CREEK,<br>Plaintiff | : | |
| | : | |
| v. | : | NO. 02-CV-2742 |
| | : | |
| SPRINGHILL FARM WASTEWATER<br>TREATMENT FACILITY ASSOCIATION,<br>Defendant | : | |

MEMORANDUM AND ORDER

McLaughlin, J.                                      February _____, 2003


Plaintiff Friends of Concord Creek ("FOCC") filed a citizen's suit against defendant Springhill Farm Wastewater Treatment Facility Association ("Springhill") pursuant to the federal Water Pollution Control Act ("Clean Water Act"), 35 U.S.C. § 1251 et seq., and the Pennsylvania Clean Streams Law ("PCSL"), 35 P.S. § 691.601 et seq.  Among other things, FOCC seeks an order requiring Springhill to convey the wastewater that it is currently discharging into a local creek to local treatment facilities instead.  FOCC alleges that Springhill is violating the terms of its state-issued National Pollutant Discharge Elimination System ("NPDES") permit by continuing to put wastewater into an unnamed tributary to the West Branch of Chester Creek, locally known as Concord Creek, despite the

availability of local treatment facilities.

> Springhill's NPDES permit states in relevant part:
>
> This permit authorizes the discharge of treated sewage until such time as facilities for the conveyance and treatment at a more suitable location are installed and are capable of receiving and treating the permittee's sewage. ... When such municipal sewage facilities become available, the permittee shall provide for the conveyance of the sewage to these sewerage facilities, abandon the use of the sewage treatment plant thereby terminating the discharge authorized by this permit, and notify the Department accordingly.

NPDES Permit No. PA0052230, Part C, subsection 2; quoted in the Complaint at ¶31 and Defendant's Motion to Dismiss at 3.

The defendant moves to dismiss FOCC's complaint pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join an indispensable party, the Pennsylvania Department of Environmental Protection ("PADEP"), arguing that FOCC's requested injunctive relief cannot be provided without PADEP's prior approval. Springhill states that it could not comply with the order requested by FOCC without revisions to the local municipality's sewage facilities plan, which are subject to PADEP's approval under the Pennsylvania Sewage Facilities Act, 35 P.S. § 750.1 et seq.

Rule 12(b)(7) allows a defendant to seek dismissal of an action when the plaintiff fails to join an indispensable party as defined by Rule 19.  Rule 19(a) requires joinder of a non-

party if, in the non-party's absence, complete relief cannot be accorded among the parties to the action. <u>Bank of America Trust and Savings Assoc. v. Hotel Rittenhouse Association et al.</u>, 844 F.2d 1050, 1053 (3d Cir. 1988). Applied to the case at hand, these rules require dismissal of this case if the Court cannot grant complete relief without joining PADEP.

The relief FOCC seeks, an order for Springhill to comply with the terms of its permit, could be granted without joining PADEP. The NPDES permit requires Springhill to stop its Concord Creek discharge, convey its sewage to the available facilities and notify the DEP once sewage treatment facilities are available. The terms require Springhill, not DEP, to take action.

FOCC alleges in its complaint that local sewage treatment facilities are now in place, specifically the Concord Township and Chadds Ford Township sewer authorities. It also alleges that these sewer treatment facilities are available to take the wastewater that Springhill is currently discharging into Concord Creek.

If the factfinder determines that FOCC's allegations are true, then Springhill would not be in compliance with its permit. The Court could then order the defendant to comply and afford FOCC complete relief without joining PADEP to this action.

PADEP is not an indispensable party because it might become later involved after Springhill takes the required steps to comply.

Neither would the interests of the state be prejudiced by failing to join PADEP.  In keeping with the notice requirements of section 505(b) of the Clean Water Act and section 691.601(e) of the PCSL, the plaintiff notified PADEP that it was filing this claim against defendant in March 2002. Complaint at ¶6.  The agency has not moved to intervene or join the action.

Because this Court finds that complete relief can be accorded to FOCC without PADEP's joinder, PADEP is not an indispensable party to this action.  The motion to dismiss for failure to join an indispensable party is denied.

An appropriate order follows.

```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


FRIENDS OF CONCORD CREEK,           :
        Plaintiff                   :
                                    :
             v.                     :       NO. 02-CV-2742
                                    :
SPRINGHILL FARM WASTEWATER          :
TREATMENT FACILITY ASSOCIATION,     :
        Defendant                   :
```

ORDER

AND NOW, this _____ day of February, 2003, upon consideration of the Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7) for Failure to Join an Indispensable Party (Docket #3), the Plaintiff's Opposition to the motion, and the Defendant's Reply to the Opposition, and after oral argument before this Court on January 22, 2003, it is hereby Ordered that said motion is Denied for the reasons given in a memorandum of today's date.

BY THE COURT:

_____
MARY A. MCLAUGHLIN, J.