**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| FRIENDS OF CONCORD CREEK, | : | | |
| | : | | |
| Plaintiff | : | Civil Action | |
| | : | No. 02-2742 | |
| v. | : | | |
| | : | (Judge McLaughlin) | |
| SPRINGHILL FARM WASTEWATER | : | | |
| TREATMENT FACILITY ASSOCIATION, | : | | |
| | : | | |
| Defendant | : | | |

---

**DEFENDANT SPRINGHILL FARM WASTEWATER
TREATMENT FACILITY ASSOCIATION'S
ANSWER TO PLAINTIFF'S COMPLAINT**

---

Defendant, Springhill Farm Wastewater Treatment Facility Association ("Springhill"), by and through the undersigned counsel, hereby answers the Complaint of plaintiff, Friends of Concord Creek ("FOCC"), and asserts its affirmative defenses in the above captioned matter.

**I.  OVERVIEW**

1.    Admitted in part, denied in part.  It is admitted that this is an action brought by the FOCC against Springhill and that the FOCC claims that its action is a citizen's action under the Clean Water Act and the Pennsylvania Clean Streams Law.  To the extent paragraph 1 contains conclusions of law, no answer is required, and they are, therefore, deemed to be denied.

2.    Admitted in part, denied in part.  The allegations in paragraph 2 constitute legal conclusions, to which no answer is required and are, therefore, deemed to be denied.  By

way of further answer, defendant denies that it "is in violation of its discharge permit because its wastewater discharge ("effluent") causes environmental harm to the receiving water, Concord Creek, on an ongoing basis." It is admitted that the Springhill has exceeded its permit limit for fecal coliform on a few isolated occasions in the past. Any such exceedances have never lead to a formal Department determination of violations, or enforcement action. Further, any such exceedances which may have been improper or violations had already been corrected at the time this lawsuit was filed. There have been no exceedances of the fecal coliform permit limit since the lawsuit was filed. Springhill further specifically denies that it was required to convey its sewage to a more suitable treatment facility. There was and is no available treatment capacity which may be used for that purpose.

3.      Admitted in part, denied in part. It is admitted that Springhill's plant treats sewage from several restaurants including the Outback Steakhouse, a brew pub, commercial facilities in Glen Eagle Square Shopping Center and residential townhouse/condominium units. The remaining allegations in paragraph 3 constitute conclusions of law, to which no answer is required and are, therefore, deemed to be denied.

## II.  JURISDICTION AND VENUE

4.      The allegations in paragraph 4 constitute conclusion of law, to which no answer is required and are, therefore, deemed to be denied.

5.      The allegations in paragraph 5 constitute conclusion of law, to which no answer is required and are, therefore, deemed to be denied.

6.      Admitted in part, denied in part. Springhill is without knowledge or information sufficient to form a belief as to the accuracy of the allegation that the FOCC sent a notice of intent letter, dated March 7, 2002, to the Administrator of the Environmental Protection

2

Agency ("EPA") and the Pennsylvania Department of Environmental Protection ("PADEP").

The remaining allegations in paragraph 6 are conclusions of law, to which no answer is required and are, therefore, deemed to be denied.

7.    Admitted in part, denied in part.  It is admitted that neither the EPA or the PADEP has commenced a court action to redress the alleged violations.  After diligent inquiry, Defendant does not have sufficient information to determine whether the allegation is true that more than sixty days have passed since the Notice was served, and, therefore, denies the allegations and demands strict proof.  The remaining allegations in paragraph 7 are conclusions of law, to which no answer is required and are, therefore, deemed to be denied.  *See also* response to paragraph 2, incorporated here.

8.    Admitted in part, denied in part.  It is admitted that Springhill's discharge is located within the Eastern District of Pennsylvania.  The remaining allegations in paragraph 8 are conclusions of law to which no answer is required and are, therefore, deemed to be denied. By way of further answer, plaintiff's complaint does not allege compliance with the venue requirements of 33 U.S.C. § 1365(c) in that there is no indication of service on the Attorney General.

### III.  IDENTIFICATION OF PARTIES AND STANDING

9.    After diligent inquiry, Springhill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies the allegations and demands strict proof.

10.    After diligent inquiry, Springhill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies the allegations and demands strict proof.

11. Springhill specifically denies that its discharges cause odors, solids buildup, turbidity and degrade the quality of Concord Creek. Its discharges are in compliance with its permit. After diligent inquiry, Springhill is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the existence or nature of interests of the member of FOCC and, therefore, denies the allegations and demands strict proof.

12. Springhill incorporates its demand regarding the interests of members of FOCC contained in its response to paragraph 11. The remaining allegations in paragraph 12 of the Complaint are conclusions of law, to which no answer is required and are, therefore, deemed denied.

13. Springhill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies the allegations and demands strict proof. To the extent the allegations in paragraph 13 of the Complaint are conclusions of law, no answer is required, and they are, therefore, deemed denied.

14. The allegations in paragraph 14 of the Complaint are conclusions of law, to which no answer is required and are, therefore, deemed denied.

15. The allegations in paragraph 15 of the Complaint are conclusions of law, to which no answer is required and are, therefore, deemed denied.

16. The allegations in paragraph 16 of the Complaint are conclusions of law, to which no answer is required and are, therefore, deemed denied.

17. The allegations in paragraph 17 of the Complaint are conclusions of law, to which no answer is required and are, therefore, deemed denied.

PHDATA 1085094_1

18.     Admitted in part, denied in part.  It is admitted that Springhill owns the sewage treatment plant located at Springhill Drive, Glen Mills, Pennsylvania.  Springhill contracts with American Water Services to operate the sewage treatment plant.  After diligent inquiry, Springhill is unable to admit, at this time, whether it owned and operated the plant since 1994.  It does admit that as of May 24, 1994, the PADEP issued an NPDES permit to Springhill, c/o Mary E. Wentz, First Keystone Federal Savings Bank.

## IV.  BACKGROUND

19.     The allegations in paragraph 19 constitute conclusions of law, to which no answer is required and are, therefore, deemed to be denied.

20.     Admitted in part, denied in part.  The allegations in paragraph 20 constitute conclusions of law, to which no answer is required and are, therefore, deemed to be denied.  It is admitted that EPA approved the issuance of NPDES permits by the Commonwealth of Pennsylvania.

21.     The allegations in paragraph 21 constitute conclusions of law, to which no answer is required and are, therefore, deemed to be denied.

22.     Admitted.

23.     Admitted.

24.     Admitted.

25.     The allegations in paragraph 25 of the Complaint are conclusions of law, to which no answer is required and are, therefore, deemed to be denied.

26.     The allegations in paragraph 26 of the Complaint are conclusions of law, to which no answer is required and are, therefore, deemed to be denied.

5

27.    The allegations in paragraph 27 of the Complaint are conclusions of law, to which no answer is required and are, therefore, deemed to be denied.

28.    The allegations in paragraph 28 of the Complaint are conclusions of law, to which no answer is required and are, therefore, deemed to be denied.

29.    The allegations in paragraph 29 of the Complaint are conclusions of law, to which no answer is required and are, therefore, deemed to be denied.

30.    Springhill admits that plaintiff has quoted an excerpt from its NPDES permit in paragraph 30 of the Complaint, a document which speaks for itself.

31.    Admitted in part, denied in part.  Springhill admits that plaintiff has quoted an excerpt of a paragraph from Part C of its permit in paragraph 31 of the Complaint, a document which speaks for itself.  The remaining allegations contained within this paragraph are conclusions of law, to which no answer is required and are, therefore, deemed to be denied.  By way of further answer, Defendant is under no obligation to convey its sewage until facilities for such conveyance and treatment at a more suitable location are installed and capable of receiving and treating the permittee's sewage.

32.    Admitted in part, denied in part.  Springhill admits that it has not provided for the conveyance of its sewage to either the Concord Township Sewer Authority or the Chadds Ford Township Sewer Authority but denies that (i) conveyance and treatment facilities are installed or capable of receiving its sewage, and (ii) that it has any duty or authority to convey its sewage prior to those steps.  To the extent the remaining allegations contained in paragraph 32 are conclusions of law, no answer is required, and they are, therefore, deemed to be denied.

33.    Admitted.

34.    Admitted.

6

35.     Denied.

36.     Springhill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and, therefore, denies the allegations and demands strict proof.  By way of further answer, plaintiffs allegation is vague as to what point upstream.  To the extent the allegations in paragraph 36 are conclusions of law, no answer is required, and they are, therefore, deemed to be denied.

37.     Admitted in part, denied in part.  It is admitted that the PADEP inspected the defendant's facility on January 12, 18, and 25, 2001.  Springhill specifically denies the plaintiff's characterization of the Department's observations.  Springhill also denies the accuracy and completeness of the inspector's observations and any implication that such conditions were violations of the law.  The conditions alleged have never lead to a formal Department determination of violation or enforcement action.  Any such discharge conditions, which may have been noted, had been corrected at the time notice of this lawsuit was provided.  To the extent that paragraph 37 of the Complaint contains conclusions of law, no answer is required, and they are, therefore, deemed to be denied.

38.     Admitted in part, denied in part.  It is admitted that the PADEP inspected the defendant's facility in January and October, 2001.  After diligent inquiry, Springhill is, at this time, without knowledge or information sufficient to form a belief as to the allegations regarding the Department's alleged inspections in December, 2000 and March and August, 2001 and, therefore, denies the allegations and demands strict proof.  Springhill specifically denies the plaintiff's characterization of the inspector's observations.  Springhill also denies the accuracy and completeness of the inspector's observations and any implication that such conditions were violations of the law.  The conditions alleged in the Complaint have never been determined to be

7

a violation of the permit.  Any such conditions which may have been improper had been corrected at the time notice of this lawsuit was provided.

39.    Admitted in part, denied in part.  It is admitted that the Department conducted an in-stream inspection at its facility on October 22, 2001.  Springhill specifically denies the plaintiff's characterization of the inspector's observations.  Springhill also denies the accuracy and completeness of the inspector's observations and any implications that such conditions were violations of the law.  The conditions alleged in the inspection report have never been determined to be a violation of the permit.  Any such conditions which may have been improper or violations had been corrected at the time notice of the lawsuit was provided.  To the extent that paragraph 39 of the Complaint contains conclusions of law, no answer is required, and they are, therefore, deemed to be denied.

40.    Admitted in part, denied in part.  It is admitted that a limited solids carryover occurred at the plant on January 16, 2002, which resulted in some solids buildup. Springhill specifically denies that this event resulted in any conditions which would be inimical or harmful to the water uses to be protected or to human, animal, plant, or aquatic life and any implication that such conditions were a violation of the law.  The conditions alleged in the Complaint have never lead to a formal Department determination of violation or enforcement action.

### COUNT I – VIOLATIONS OF THE CLEAN WATER ACT

41.    Defendant Springhill incorporates herein by reference the contents of its responses to paragraphs 1 through 40 above as if set forth herein at length.

PHDATA 1085094_1

42.     The allegations of paragraph 42 constitute conclusions of law, to which no answer is required and are, therefore, deemed to be denied.  To the extent further answer is required, they are denied.

43.     The allegations of paragraph 43 constitute conclusions of law, to which no answer is required and are, therefore, deemed to be denied.  To the extent further answer is required, they are denied.

44.     The allegations of paragraph 44 constitute conclusions of law, to which no answer is required and are, therefore, deemed to be denied.  To the extent further answer is required, they are denied.

45.     Admitted in part, denied in part.  It is admitted that Springhill's permit has a discharge limit for fecal coliform which is a monthly average of 200 colonies per 100ml of water.  Springhill specifically denies plaintiff's characterization of its fecal coliform discharges as identified in paragraph 45 of the Complaint, for August, July, and June 2001 and August, July, June, and March 2000 or that such discharges exceeded its permit limits for those months. Springhill admits the fecal Coliform levels identified in paragraph 45 of the Complaint for September 2001, August 1999, and February 1998.  These levels have never lead to a formal PADEP determination of violation or enforcement action.  Any such levels which may have been improper or violations had been corrected at the time this lawsuit was filed.  There have been no exceedances of the fecal Coliform limit since the lawsuit was filed.

46.     After diligent inquiry, Springhill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and, therefore, denies the allegations and demands strict proof.  By way of further answer, compliance with its permit is a complete defense.

9

47.    The allegations of paragraph 47 of the Complaint constitute conclusions of law, to which no answer is required and are, therefore, deemed to be denied.

48.    The allegations of paragraph 48 of the Complaint constitute conclusions of law, to which no answer is required and are, therefore, deemed to be denied.

## COUNT II – VIOLATIONS OF THE PENNSYLVANIA CLEAN STREAMS LAW

49.    Springhill incorporates herein by reference the contents of its responses to paragraphs 1 through 48 above as if set forth herein at length.

50.    The allegations contained within paragraph 50 of the Complaint constitute conclusions of law, to which no answer is required and are, therefore, deemed to be denied.

WHEREFORE, defendant Springhill Farm Wastewater Treatment Facility Association requests that this Court dismiss the Complaint and enter judgment in favor of Springhill, together with costs, attorneys fees, and such other relief as this Court may deem appropriate.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to add additional defenses and assert cross claims against members of FOCC or others based upon new information obtained during discovery.

1.    The Complaint does not state a cause of action under the Clean Water Act or the Pennsylvania Clean Streams Law because there are no ongoing violations.

2.    The Complaint does not state a cause of action because it never alleges that the other allegedly suitable sewage conveyance and treatment facilities exist, and have been authorized by an Act 537 Plan to handle the wastewater currently handled by Springhill's facility.

PHDATA 1085094_1

3.    The Complaint and each claim therein fail to state a claim, in whole or part, against the defendant upon which relief may be granted.

4.    The Court is without jurisdiction to hear some or all of the claims in this action.

5.    Some or all of the plaintiff's claims are moot.

6.    The plaintiff's interpretation of certain permit conditions and Springhill's alleged violation of those conditions is inconsistent with the interpretation given those conditions by the regulatory agency responsible for enforcing them.

7.    The plaintiff does not have standing.

8.    Plaintiff did not comply with service requirements of 33 U.S.C. § 1365(c).

9.    To the extent that the permit is found to create an obligation on permittee to act affirmatively to obtain the installation and approval of sewage conveyance and treatment facilities for its sewage at more suitable locations, the permit condition vague and ambiguous, the permittee was not given notice of these obligations, and enforcement would violate defendant's constitutional rights to due process and equal protection under the United States and Pennsylvania Constitutions.

10.    Springhill's compliance with its permit conditions is a complete defense to the alleged violations pursuant to 33 U.S.C. § 1342(k).

11.     Plaintiff cannot enforce a total residual chlorine limit which was not in effect at the time of its notice and lawsuit. Defendant may, however, assert compliance with that non-effective limit as a complete defense.

Respectfully submitted,


By: _____
Robert L. Collings (I.D. No.
J. Robert Stoltzfus (I.D. No. 44876)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103-7286
(215) 751-2000
*Attorneys for Defendant*
*Springhill Farm Wastewater Treatment*
*Facility Association*

Date: February __, 2003

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendant Springhill Farm Wastewater Treatment Facility Association's Answer to Plaintiff's Complaint was served this 27th day of February, 2003 by United States first class mail, postage prepaid, on:

> Lyman C. Welch, Esquire
> Mid-Atlantic Environmental Law Center
> 4601 Concord Pike
> P.O. Box 7474
> Wilmington, DE 19803-0474

_____

J. Robert Stoltzfus

PHDATA 1085094_1